Filed 2/27/25  P. v. Ward CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ADAM WAYNE WARD,<br><br>    Defendant and Appellant. | B336697<br><br>(Los Angeles County<br>Super. Ct. No. BA500761) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Craig E. Veals, Judge.  Affirmed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On May 19, 2022, the People charged Adam Wayne Ward with possession of child pornography after having had a previous conviction, under Penal Code section 311.11, subdivision (b).

In April 2021, the Los Angeles Police Department (LAPD) initiated its investigation of Ward after receiving a cyber tip from the National Center for Missing and Exploited Children (NCMEC). Both Dropbox, Inc. (Dropbox) and WhatsApp LLC (WhatsApp) provided information to NCMEC regarding Ward. Dropbox provided NCMEC with 153 files of potential child sexual abuse material pertaining to Ward's e-mail and IP addresses. From Ward's briefing in trial court, it appears that WhatsApp provided one file of potential child sexual abuse material.

After he was charged, Ward conducted discovery and served a subpoena duces tecum on Dropbox, among other corporations. Thereafter, Dropbox moved to quash the subpoena. In the subpoena, among other items, Ward sought any "Algorithms . . . utilized in any manner to conduct searches . . . of the items designated to NCMEC." Ward similarly sought "[t]he record of any measure of reliability and/or accuracy as to such Algorithm(s) for the last [] five [] years" and any audits "conducted as to the reliability and/or accuracy of . . . the algorithm utilized." After hearing argument, the trial court granted Dropbox's motion to quash and denied Ward's request for documents relating to Dropbox's algorithm for identifying potential child sexual abuse material. After the court made its ruling, Ward sought no further discovery from Dropbox.

On September 7, 2023, Ward, through counsel, filed a motion to quash and traverse the search warrants and a motion to suppress all evidence seized. On September 15, 2023, the

2

prosecution filed its opposition to Ward's motion to quash and traverse the search warrants.

On October 11, 2023, the trial court conducted a suppression hearing under Penal Code section 1538.5. Ward's counsel called Detective Lisette Garcia of LAPD. Detective Garcia was an investigating officer in the case and prepared four affidavits in support of search warrants. In April 2021, she received two cyber tips from NCMEC, one referring to WhatsApp and one referring to Dropbox. In the cyber tip, Dropbox indicated that it viewed the included images. The cyber tip from Dropbox included 153 files of possible child sexual abuse material. Detective Garcia partially reviewed every file, and watched about 20 video files in their entirety. Through her review, she confirmed that the files contained child sexual abuse material. After viewing the files, Detective Garcia prepared search warrant requests, including one for Ward's residence and one to Dropbox. After considering the record and hearing argument, the trial court denied the motion and ruled that "it was more than reasonable for the magistrate to issue the warrants in question."

On December 20, 2023, the People asked the trial court to amend the information to add a charge under Penal Code section 311.11, subdivision (a). After amendment, the information would include charges under both Penal Code section 311.11, subdivisions (a) and (b). Ward did not object, and the trial court granted the amendment.

On February 5, 2024, the trial court ordered a sentence consistent with the negotiated plea reached by Ward and the People. Consistent with the plea, Ward pled no contest to charges under Penal Code section 311.11, subdivisions (a) and

(b), and the trial judge suspended his sentence and ordered two years of probation.[1]

We appointed counsel to represent Ward on appeal. After an examination of the record, appellate counsel filed an opening brief which raised no issues and requested this court conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436. We have examined the record and are satisfied Ward's appellate attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 119; *Wende, supra,* 25 Cal.3d at p. 441.)

On November 15, 2024, we advised Ward that he had 30 days to submit a supplemental brief stating any grounds for appeal or arguments that he wished for this court to consider.

On November 25, 2024, Ward submitted a supplemental brief. He argued that the trial court erred in denying his motion to suppress and erred in granting the motion to quash his subpoena duces tecum. We address Ward's arguments and find no error.

First, the trial court did not err in granting Dropbox's motion to quash. In a criminal case, to defend a subpoena duces tecum against a motion to quash, "the subpoenaing party must . . . establish good cause to acquire the subpoenaed records." (*Facebook, Inc. v. Superior Court of San Diego County* (2020) 10 Cal.5th 329, 344.) We review the trial court's ruling on a motion to quash for abuse of discretion. (*Id.* at p. 359.) In trial

---

[1] We note that the minute order is incomplete as it only identifies Ward's plea to the charge under Penal Code section 311.11, subdivision (b).

court, Ward argued that Dropbox's algorithms were unreliable and undermined the magistrate's probable cause determination, and he reiterates those arguments in his supplemental brief. We first evaluate whether Ward established a plausible justification to support his request to discover information regarding the algorithm's reliability. (*Id*. at p. 345.) Here, after Dropbox's algorithm flagged the items, both Dropbox and Detective Garcia viewed the videos and confirmed they were child sexual abuse materials before Detective Garcia applied for the search warrants. Thus, the magistrate properly relied on Detective Garcia's review of the video files, and the magistrate did not rely on the algorithm to verify the content of the videos described in the search warrant. Because we see no plausible reason to support the discovery request, we find no abuse of discretion in the trial court's ruling that Ward failed to establish good cause to conduct discovery regarding Dropbox's algorithm.

Second, Ward presented a Fourth Amendment theory in his motion to suppress. In this context, we review the trial court's factual findings for substantial evidence and exercise our independent judgment regarding the constitutionality of the search based on the facts presented. (*People v. Flores* (2024) 15 Cal.5th1032.) In trial court, Ward relied on Ninth Circuit authority, *United States v. Wilson* (2021) 13 F.4th 961 (*Wilson*), to argue that the LAPD violated his Fourth Amendment rights in viewing the videos before securing a warrant. In *Wilson*, the Ninth Circuit held that the government exceeded the scope of Google LLC's (Google) private search when Google provided cyber tips with videos to NCMEC. (*Id*. at p. 972.) There, "[n]o one at Google had opened or viewed [the] email attachments" before "an officer ultimately viewed the email attachments without a

warrant." (*Id*. at p. 964.)  The Ninth Circuit concluded the private search exception did not apply to law enforcement's warrantless viewing of the videos because it exceeded the scope of the private search.  (*Ibid*.)  Here, in contrast, the trial court relied on evidence that Dropbox viewed the videos from the cyber tip before forwarding them to NCMEC.  Consequently, Detective Garcia did not expand the scope of the private search as she merely reviewed the same videos that Dropbox had already reviewed.  In comparing *Wilson* to the facts here, the trial court during the discovery hearing, noted that in Ward's case, "there was an actual employee of the company that eyeballed the material and turned it over.  So this is a completely different set of circumstances that we're dealing with here."  We agree.  Thus, even if we were to find *Wilson* to be persuasive, the facts here do not establish a Fourth Amendment violation.

## DISPOSITION

The judgment is affirmed.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

WILEY, J.

6